J-A05019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMALL WITHERSPOON | : | |
| | : | |
| Appellant | : | No. 3031 EDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002016-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMALL WITHERSPOON | : | |
| | : | |
| Appellant | : | No. 3032 EDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002017-2018

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                           **FILED APRIL 1, 2024**

Appellant, Jamall Witherspoon, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On

April 8, 2019, Appellant entered a negotiated guilty plea at two trial court docket numbers to third-degree murder, attempted murder, and possessing instruments of crime. The court sentenced him that day to an aggregate term of 21 to 42 years' imprisonment. Appellant did not file post-sentence motions or a direct appeal. On May 1, 2020, Appellant timely filed a *pro se* PCRA petition. In his petition, Appellant alleged ineffective assistance of plea counsel and newly discovered evidence. Regarding the newly discovered evidence claim, Appellant argued that he learned following his guilty plea that two of the detectives involved in his case were under investigation for perjury and could not have been called as witnesses against Appellant. Had Appellant known of this, he alleged that he would not have pled guilty and proceeded to trial. The court subsequently appointed counsel, who filed an amended PCRA petition on February 10, 2021. The amended petition reiterated that Appellant would not have pled guilty had he known the detectives involved in his case could not have testified at trial.

On November 5, 2021, the court held a hearing. At that time, Appellant sought to withdraw his PCRA petition. The court conducted a colloquy to confirm Appellant's decision to withdraw the petition was knowing, intelligent, and voluntary. Specifically, the court advised Appellant that if he withdrew his PCRA petition, there would be no hearing on the merits of the petition, and that Appellant could not subsequently argue that he made a mistake and wanted to proceed with the petition. Appellant confirmed that he discussed

the decision with counsel, and Appellant understood the consequences of his choice. (**See** N.T. Hearing, 11/5/21, at 5). Thus, the court permitted Appellant to withdraw his timely-filed PCRA petition.

On November 22, 2021, Appellant filed a notice of appeal from the order permitting Appellant to withdraw his PCRA petition, docketed in this Court at 2505 EDA 2021. While the appeal was pending, Appellant filed another *pro se* PCRA petition on November 29, 2021, repeating his claims that had he known the detectives involved in his case were under investigation, he would not have pled guilty. Appellant further alleged that his decision to withdraw his prior PCRA petition was unknowing and unintelligent.[1]

On December 13, 2021, Appellant's counsel filed a motion to re-open the previously withdrawn PCRA petition. In it, counsel alleged that following the November 5, 2021 hearing, Appellant mailed a letter to counsel indicating that he did not want to withdraw the February 10, 2021 PCRA petition, and he was not informed that the withdrawal of his petition constituted a waiver of his rights.[2] Counsel requested the court grant "this Motion to re-open [Appellant's PCRA] in the interest of justice." (Motion to Re-Open, filed

---

[1] As Appellant was represented by counsel when he filed this petition, it was a legal nullity. **See Commonwealth v. Leatherby**, 116 A.3d 73 (Pa.Super. 2015) (explaining general rule that *pro se* filing by appellant who is represented by counsel is considered legal nullity, as filing constitutes improper hybrid representation).

[2] The on-the-record colloquy from the November 5, 2021 hearing expressly belies this claim.

12/13/21, at ¶7).

On February 18, 2022, the court denied Appellant's motion to re-open without prejudice to Appellant's right to file it upon the withdrawal of Appellant's pending appeal.[3] *See generally Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000) (explaining that PCRA court lacks jurisdiction to consider subsequent PCRA petition while appeal from denial of prior PCRA petition in same case is still pending on appeal); *Commonwealth v. Beatty*, 207 A.3d 957 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019) (explaining that petitioner who files appeal from order denying prior PCRA petition must withdraw appeal before he can pursue subsequent PCRA petition; if petitioner pursues pending appeal, then PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending). On February 21, 2022, Appellant voluntarily withdrew and discontinued the pending appeal. The next day, Appellant refiled his motion to re-open the initial, timely-filed PCRA petition. On February 28, 2022, without explanation, the court granted Appellant's request to re-open.

The court held a PCRA hearing on the claims raised in the initial, timely-

---

[3] Meanwhile, Appellant filed another *pro se* PCRA petition on January 7, 2022, which the court denied by separate order on February 18, 2022, based on the pending appeal. As Appellant was still represented by counsel when he filed this petition, however, it was a legal nullity in any event. *See Leatherby, supra*.

filed PCRA petition on October 27, 2022.[4]  On December 1, 2022, the court denied PCRA relief.  Appellant timely filed notices of appeal on December 5, 2022, at each underlying docket.[5]  The next day, the court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on December 22, 2022.

Preliminarily, current appellate counsel has filed a motion to withdraw and **Turner/Finley** brief in this Court.[6]  Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**.  **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007).  Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel.  **Id.**  "Substantial compliance with these

---

[4] This transcript does not appear in the certified record.  Nevertheless, we do not need to review it based on our analysis of jurisdiction.

[5] This Court later consolidated the appeals *sua sponte*.

[6] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a *Turner/Finley* brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights.[7] Thus, counsel substantially complied with the *Turner/Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*.

In the *Turner*/*Finley* brief, appellate counsel initially contends that the PCRA court lacked jurisdiction to adjudicate Appellant's claims. Counsel asserts that the PCRA court lacked authority to resurrect or "reinstate" a PCRA petition that Appellant had already withdrawn, where the motion to re-open did not satisfy the timeliness requirements of the PCRA or any exceptions to the time-bar.[8] (*Turner*/*Finley* Brief at 14-15). We agree with counsel's assessment.

The timeliness of a PCRA petition is a jurisdictional requisite.

---

[7] Although counsel's initial letter to Appellant erroneously advised Appellant that he had the right to proceed *pro se* or to retain new counsel **only if** this Court granted counsel's motion to withdraw, upon a directive from this Court, counsel subsequently sent Appellant a new letter appropriately advising Appellant of his rights.

[8] The Commonwealth also argues that the PCRA court lacked authority to re-open Appellant's prior PCRA petition that he had previously withdrawn. (***See*** Commonwealth's Brief at 6, 8).

***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Importantly, "the PCRA confers no

- 7 -

authority upon [our courts] to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003).

Instantly, the court sentenced Appellant on April 8, 2019. Appellant timely filed an initial *pro se* PCRA petition on May 1, 2020, within one year of when his judgment of sentence became final, which counsel amended on February 10, 2021. **See** 42 Pa.C.S.A. § 9545(b)(1), (b)(3). **See also** Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). In the petitions, Appellant maintained, *inter alia*, that he would not have pled guilty had he known that the detectives involved in his case were under investigation and could not have been called as witnesses against Appellant at trial.

On November 5, 2021, the court held a hearing where Appellant sought to withdraw his PCRA petition. The court conducted a colloquy to confirm Appellant's decision was knowing, intelligent, and voluntary. Appellant expressly acknowledged that if he withdrew his PCRA petition there would be no hearing on the merits of the petition, and that Appellant could not later try to say he made a mistake and wanted to proceed with the petition. Appellant further confirmed that he discussed the decision with counsel, and that Appellant understood the consequences of his choice. (**See** N.T. Hearing, 11/5/21, at 5). Thus, the court permitted Appellant to withdraw his timely-

filed PCRA petition.

Several weeks later, Appellant filed an appeal from the voluntary withdrawal of the PCRA petition, docketed in this Court at 2505 EDA 2021.[9] While the appeal was pending, Appellant's counsel filed a motion to re-open the previously withdrawn PCRA petition on December 13, 2021. In it, counsel alleged that Appellant claimed he was not informed that the withdrawal constituted a waiver of his rights, and counsel requested the court grant the motion in "the interest of justice." (Motion to Re-Open, filed 12/13/21, at ¶7). On February 18, 2022, the court denied Appellant's motion to re-open without prejudice to Appellant's right to file it upon the withdrawal of Appellant's pending notice of appeal. On February 21, 2022, Appellant voluntarily withdrew and discontinued the pending appeal. The next day, Appellant refiled his motion to re-open the initial, timely-filed PCRA petition. On February 28, 2022, the court granted Appellant's request to re-open.

Under these circumstances, we agree with appellate counsel and the Commonwealth that the PCRA court lacked jurisdiction to entertain the merits of Appellant's initial PCRA petition. Significantly, the PCRA court did not assert

---

[9] On February 15, 2022, this Court issued a rule to show cause why the appeal should not be quashed as Appellant is not an aggrieved party, citing Pa.R.A.P. 501 (stating any party who is aggrieved by appealable order may appeal therefrom), and *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695 (Pa.Super. 2000), *appeal denied*, 567 Pa. 715, 785 A.2d 90 (2001) (stating prevailing party is not aggrieved and lacks standing to appeal order that has been entered is his favor). Appellant did not respond to the rule to show cause, opting to discontinue the appeal instead.

any authority for its ruling and granted the motion to re-open without explanation.[10]   Although Appellant alleged that it was "in the interest of justice" to grant the motion to re-open, our Supreme Court has made clear that we are not permitted to fashion *ad hoc* equitable exceptions to the PCRA time-bar.  **See Robinson, supra**.

Essentially, Appellant's motion to re-open sought to reinstate his initial PCRA petition *nunc pro tunc*.  Nevertheless, Appellant did not plead or prove any exception to the PCRA time-bar to resurrect his previously withdrawn petition.  **See, e.g., Commonwealth v. Rienzi**, 573 Pa. 503, 827 A.2d 369 (2003) (holding Superior Court erred in attempting to circumvent PCRA time-bar by treating untimely, second PCRA petition as if it were amendment to timely but withdrawn first petition; Superior Court ignored fact that first petition was withdrawn and, therefore, there was nothing pending before PCRA court to amend); **Beatty, supra** (holding PCRA court erred by holding defendant's second PCRA petition in abeyance pending outcome of appeal of first PCRA petition, "reinstating" that petition after appeal on his first petition had ended, and then using original filing date of second petition to circumvent PCRA timeliness requirements).

Using February 22, 2022 (the date Appellant re-filed his motion to re-

---

[10] In its PCRA order denying relief and its Rule 1925(a) opinion, the court also failed to cite relevant authority supporting the decision to grant the motion to re-open.  Instead, the court discussed its ruling concerning the merits of the claims raised in the initial PCRA petition.

open following the withdrawal of his appeal) as the relevant date for measuring timeliness, that motion was untimely on its face where Appellant's judgment of sentence became final in May 2019, with no exceptions to the PCRA time-bar pled or proven. ***See id.*** (holding that date appellant sought to "reinstate" his second petition was relevant date for assessing timeliness). Therefore, we affirm the PCRA order denying relief, albeit on different grounds.[11] ***See Commonwealth v. Reese***, 31 A.3d 708 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct). Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024

---

[11] Based on our disposition, we do not need to address the second issue presented in counsel's ***Turner/Finley*** brief regarding whether the PCRA court properly denied relief on the claims raised in the initial PCRA petition.